**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4736**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EUGENE ADRIAN CRIBB, III,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:18-cr-00019-H-1)

Submitted:  May 23, 2019                    Decided:  May 28, 2019

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Adrian Cribb, III, seeks to appeal the 42-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Cribb's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court miscalculated Cribb's Guidelines range by determining that his North Carolina conviction for assault inflicting serious bodily injury is a crime of violence. Although informed of his right to file a pro se supplemental brief, Cribb has not done so.

The Government has filed a motion to dismiss the appeal on the ground that Cribb's challenge to his sentence is barred by the appeal waiver included in the plea agreement. We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *Id.* (internal quotation marks omitted). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally,

if a court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *See id.*

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Cribb knowingly and voluntarily waived his right to appeal and that his challenge to the calculation of his Guidelines range falls squarely within the compass of appellate waiver. Accordingly, we grant the Government's motion in part and dismiss Cribb's appeal of his sentence.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Cribb, in writing, of the right to petition the Supreme Court of the United States for further review. If Cribb requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cribb.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*